IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Josue Ramos,<br><br>      Plaintiff,<br><br>v.<br><br>Ramzanali Virji d/b/a Popeye's Louisiana Kitchen and Rizwan Virji and Chris Virji<br><br>      Defendants. | Case No. _____<br><br>PLAINTIFF DEMANDS TRIAL BY JURY |

## **COMPLAINT**

Plaintiff, Josue Ramos ("Plaintiff"), by and through their attorneys, Daniel I. Schlade, complain against Ramzanali Virji d/b/a Popeye's Louisiana Kitchen ("Defendant" or "Popeye's"), Rizwan Virji ("Defendant" or "Rizwan") and Chris Virji ("Defendant" or "Chris"). Popeye's, Rizwan and Chris may collectively be referred to as "Defendants". In support of this Complaint, Plaintiff states:

## **Introduction**

1. This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), as well as any related state law claims, for Defendants' failure to pay minimum wages owed.

## **Parties**

2. Plaintiff is a resident of Chicago, Illinois; and he was employed by Defendants.

3. Popeye's is a business that is located, headquartered, and conducts business in Blue Island, Illinois.

4.  Rizwan and Chris are the owners and Manager of Popeye's, and they are in charge of its employees. On information and belief, Chris and Rizwan are residents of Blue Island, Illinois.

5.  Defendants are "an enterprise engaged in commerce or in the production of goods for commerce" under 29 USC § 203(s)(1)(A)(i) and (ii) because they have annual gross volume of sales made or business done of at least $500,000; and because they are engaged in interstate commerce or in the production of goods for interstate commerce. Additionally, they have more than three employees.

## Jurisdiction And Venue

6.  The Court possesses subject matter jurisdiction over the FLSA claim(s) pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337; and supplemental jurisdiction over any related state law claim(s) pursuant to 28 U.S.C. § 1367.

7.  Venue is proper in the NORTHERN District of Illinois because all underlying facts and transactions occurred in or about Blue Island, Illinois.

## Facts Common To All Claims

8.  Popeye's is an "employer" as that term is defined in Section 203 of the FLSA, because it is a privately owned for-profit entity.

9.  Chris and Rizwan are an "employer" as that term is defined in Section 203 of the FLSA, because: (1) they were Plaintiff's head "boss" at Popeye's; (2) they had the power to hire and fire the employees, including Plaintiff; (3) they supervised and controlled Plaintiff's work schedules and conditions of employment; (4) they determined the rate and method of payment for employees; and (5) they maintained employment records.

**COUNT I: VIOLATION OF THE FLSA**

10. Plaintiff reincorporates by reference Paragraphs 1 through 9, as if set forth in full herein for Paragraph 10.

11. Plaintiff began working at Popeye's in or before 2008 until May 29, 2022.

12. At all times, Plaintiff held the same position at Popeye's, he was a cook, food preparer, dishwasher, and other maintenance duties. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to perform cook, food preparer, dishwasher, and other maintenance duties, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

13. Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 40 hours per week.

14. Plaintiff was paid their wages on a(n) weekly basis.

15. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of their performance.

16. Plaintiff's rate of pay was $10.00 per hour.

17. Throughout the course of Plaintiff's employment with Defendants, Defendants regularly failed to pay Plaintiff the Illinois minimum wage.

18. On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff the Illinois minimum wages for the forty (40) hours worked by Plaintiff per week was a willful violation of the FLSA.

19. Plaintiff is entitled to recover unpaid minimum wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $44,080.00 in unpaid minimum wages; (ii) liquidated damages of $44,080.00; and (iii)

Plaintiff's attorney's fees and costs, to be determined. A calculation of Plaintiff's damages are attached as Exhibit A.

**WHEREFORE,** Plaintiff Josue Ramos respectfully requests that the Court enter a judgment in their favor and against Defendants jointly and severally, for:

A. The amount of unpaid minimum wages for all time worked by Plaintiff in individual work weeks, totaling at least $44,080.00.

B. An award liquidated damages in an amount equal to at least $44,080.00.

C. A declaration that Defendants violated the FLSA.

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

## COUNT II: VIOLATION OF IMWL

20. Plaintiff incorporates by reference Paragraphs 1-19 as if set forth in full herein for this Paragraph 20.

21. This count arises from Defendants' violation of the IMWL, by: failing to pay Plaintiff Illinois mandated minimum wages for all hours worked in each individual work week in violation of 820 ILCS 105/4a(1).

23. Defendant's failure to pay Plaintiff the Illinois-mandated minimum wage rate for all hours worked in an individual work week is a violation of the IMWL.

24. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid minimum wages for three (3) years prior to the filing of this suit, treble the amount of such underpayments, 5% for each month the underpayments remain unpaid, plus attorney's fees and costs.

25. The amount of unpaid minimum wages owed to Plaintiff is $44,080.00. Treble the amount of such underpayments is $132,240.00

**WHEREFORE**, Plaintiff Josue Ramos respectfully requests that the Court enter a judgment in their favor and against Defendants jointly and severally, for:

A. The amount of wages worked by Plaintiff for which he was not paid minimum wages, totaling at least $44,030.00;

B. Award Statutory damages for Plaintiff, including treble damages and 5% monthly interest, pursuant to the formula set forth in 820 ILCS § 105/12(a) and/or 815 ILCS § 205/2; totaling $132,240.00.

C. Declare that Defendants have violated the IMWL.

D. Award reasonable attorneys' fees and costs as provided by the IMWL; and/or

E. Grant such additional or alternative relief as this honorable court deems just and proper.

Josue Ramos

s/Daniel I. Schlade
Attorney For Plaintiff

Daniel I. Schlade (ARDC No. 6273008)
Attorney For Plaintiff
Justicia Laboral, LLC
6232 N. Pulaski, #300
Chicago, IL 60646
773-942-9415 x 103
Email: dschlade@justicialaboral.com
danschlade@gmail.com

**PLAINTIFF DEMANDS TRIAL BY JURY**